**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| In re:<br><br>INSPIRED HEALTHCARE CAPITAL HOLDINGS, LLC, *et al.*<br><br>Debtors. | Chapter 11<br><br>Bankr. No. 26-90004-MXM<br><br>(Jointly Administered) |
| INSPIRED HEALTHCARE CAPITAL HOLDINGS, LLC, *et al.*,<br><br>Plaintiffs,<br><br>-against-<br><br>AURORA SECURITIES, *et al.*,<br><br>Defendants. | Bankr. Adv. Pro. No. 26-09006-MXM |
| BRETT W. HENRICKS, *et al.*,<br><br>Appellants,<br><br>-against-<br><br>INSPIRED HEALTHCARE CAPITAL HOLDINGS, LLC, *et al.*<br><br>Appellees. | Dist. Ct. No. 4:26-cv-00974-P |

**PLAINTIFF-DEBTORS' OBJECTIONS TO CLAIMANT-APPELLANT'S**
**<u>MOTION FOR LEAVE TO APPEAL</u>**

# TABLE OF CONTENTS

**Page**

INTRODUCTION ....................................................................................1

BACKGROUND ....................................................................................2

ARGUMENT ....................................................................................4

I. Claimants Have Failed to Establish a Right to Appeal the Order. ..................4

A. Section 16 of the Federal Arbitration Act Does Not Apply. ....................4

B. 28 U.S.C. § 1292(a)(1) Is Inapplicable. ....................................................5

C. The Order Is Not a Final Order. ..............................................................6

II. The Court Should Not Grant a Discretionary Interlocutory Appeal of the Order. ....................................................................................8

A. Claimants Fail to Satisfy the Standard for Interlocutory Appeal. .............8

B. The Bankruptcy Court Had Discretion to Temporarily Stay FINRA Cases. ....................................................................................11

C. The Bankruptcy Court Applied the Correct Legal Standard. .................12

D. Claimants Waived Any Personal Jurisdiction Argument by Making a General Appearance in the Adversary. ................................................14

E. Claimants' Complaints about Debtors' Exhibit List Are Without Merit. ....................................................................................16

CONCLUSION ....................................................................................19

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*8fig, Inc. v. Stepup Funny, L.L.C.*,
135 F.4th 285 (5th Cir. 2025) ....15

*In re Acis Cap. Mgmt., L.P.*,
604 B.R. 484 (N.D. Tex. 2019)....14

*Arthur Andersen LLP v. Carlisle*,
556 U.S. 624 (2009)....5

*Bordelon Marine, L.L.C. v. Bibby Subsea ROV, L.L.C.*,
685 F. App'x 330 (5th Cir. 2017) ....5

*Broad. Music, Inc. v. M.T.S. Enters., Inc.*,
811 F.2d 278 (5th Cir. 1987) ....15, 16

*Coinbase, Inc. v. Bielski*,
599 U.S. 736 (2023)....5

*In re Couture Hotel Corp.*,
536 B.R. 712 (Bankr. N.D. Tex. 2015)....13

*In re Deepwater Horizon*,
579 F. App'x 256 (5th Cir. 2014) ....5

*DuPree v. Kaye*,
No. 07-0768, 2008 WL 294532 (N.D. Tex. Feb. 4, 2008) ....8

*Feld v. Zale Corp. (In Re Zale Corp.)*,
62 F.3d 746 (5th Cir. 1995) ....12, 13

*In re Genesis Healthcare, Inc.*,
No. 25- 2963, 2026 WL 1194759 (N.D. Tex. May 1, 2026) ....13, 14

*Gigi's Cupcakes, LLC v. 4 Box LLC*,
No. 17-3009, 2019 WL 1767003 (N.D. Tex. Apr. 22, 2019) ....11

*In re Highland Cap. Mgmt., L.P.*,
No. 21-0879, 2022 WL 394760 (N.D. Tex. Feb. 9, 2022) ....9, 10

*Hill v. Jackson Offshore Holdings, L.L.C.*,
175 F.4th 324 (5th Cir. 2026) ....4

*In re Hunt Int'l Res. Corp.*,
57 B.R. 371 (N.D. Tex. 1985)........8

*King v. King*,
117 F.4th 301 (5th Cir. 2024)........17

*In re Lomas Fin. Corp.*,
932 F.2d 147 (2d Cir. 1991)........7

*In re Moerbe*,
No. 03-57260, 2005 WL 3337634 (W.D. Tex. Sept. 1, 2005)........9

*Nat'l Oilwell Varco, L.P. v. Mud King Prods.*,
No. 12-3120, 2013 WL 1948766 (S.D. Tex. May 9, 2013)........11

*Nursery Decals & More, Inc. v. Tegrity Contractors, Inc.*,
No. 25-1219, 2026 WL 981026 (E.D. Tex. Apr. 13, 2026)........5

*In re R & G Fin. Corp.*,
441 B.R. 401 (Bankr. D.P.R. 2010)........12

*Ritzen Group, Inc. v. Jackson Masonry*,
LLC, 589 U.S. 35 (2020)........7

*Ryan v. Flowserve Corp.*,
444 F. Supp. 2d 718 (N.D. Tex. 2006)........10

*In re SVB Fin. Grp.*,
No. 23-10367, 2023 WL 2962212 (Bankr. S.D.N.Y. Apr. 14, 2023)........11

*United States v. Benito*,
835 F. App'x 789 (5th Cir. 2021)........19

Plaintiff-Debtor Inspired Healthcare Capital Holdings, LLC, and its affiliated debtors (collectively, "IHC" or the "Debtors") submit this Opposition (the "Opposition") to *Certain Appellants' Motion for Leave to Appeal the Bankruptcy Court's Preliminary Injunction Order* (the "Motion") [Adv. Docket No. 75], and in support of the Opposition, states as follows.

## INTRODUCTION

Certain defendants in this adversary proceeding, claimants in stayed FINRA arbitrations ("Claimants"), move for an interlocutory appeal of the Court's Order Granting Plaintiff-Debtors' Request for Preliminary Injunction (the "Order") [Adv. Docket No. 63]. The Court should deny the Motion because Claimants have established neither the right to appeal the Order immediately nor grounds for an interlocutory appeal.

First, Claimants have not shown that they have an immediate right to appeal the Order. They argue that the Federal Arbitration Act provides an immediate right of appeal, but the relevant provision provides a right to appeal decisions on arbitrability, not any order that temporarily stays an arbitration. Claimants argue that they have a right to an automatic appeal under 28 U.S.C. § 1292, but that statute does not create any right to appeal decisions of the bankruptcy court to the district court. They also argue that the Order should be considered a "final order," but that ignores the actual contents of the Order, which provides only temporary relief whose

scope continues to be modified by subsequent developments in the case. In short, nothing in Claimants' brief is sufficient to bypass the ordinary procedures requiring leave to appeal.

Second, Claimants have not shown that they are entitled to a discretionary interlocutory appeal. The Motion does nothing to explain how any issue they raise meets the standard for an immediate appeal. Instead, Claimants raise a handful of ordinary grounds for appeals, including that the Bankruptcy Court applied the wrong legal standard and that untimely exhibits were admitted. Not only do these complaints lack merit, but they are insufficient to warrant an interlocutory appeal.

## BACKGROUND

IHC filed this adversary proceeding (the "Adversary") seeking preliminary injunctive relief to stay certain proceedings, including FINRA arbitrations involving the Claimants. The Bankruptcy Court entered a temporary restraining order on June 30, 2026, and set an evidentiary hearing on the preliminary injunction motion for July 14, 2026. Counsel for the Claimants filed opposition briefs opposing both the temporary restraining order and preliminary injunctive relief. [Adv. Docket Nos. 19, 44].

The Bankruptcy Court held a full-day evidentiary hearing on July 14, 2026, at which three witnesses testified and hundreds of exhibits were admitted. *See* Ex. 1, July 14, 2026 hearing transcript ("Hearing Tr."). On July 24, 2026, the Bankruptcy

Court entered the Order. [Adv. Docket No. 63]. Among other provisions, the Order stays Claimants' FINRA arbitrations against non-debtor broker-dealers until November 21, 2026.

The Bankruptcy Court's conclusion that injunctive relief was warranted was based on its consideration of traditional injunction factors and was robustly supported by evidence submitted at the hearing. On the likelihood of success factor, Plaintiff-Debtors' Chief Restructuring Officer Benjamin Jones testified in detail about the state of the reorganization. *See* Ex. 1, Hearing Tr. 103-08. The Bankruptcy Court cited and credited that testimony. *See* Order at 7-9. On irreparable harm, Mr. Jones testified about the risks that the FINRA arbitrations posed to reorganization. *See* Ex. 1, Hearing Tr. 107-15, 144-56. The Bankruptcy Court credited that testimony and made corresponding findings on all three components of irreparable harm — distraction of management, dissipation of insurance proceeds, and indemnity exposure to the estate. *See* Order at 12-14. On the balance of equities and public interest, the Bankruptcy Court weighed the interests of IHC and the approximately 3,300 Fund Investors, 2,300 DST Investors, 33 Communities, and 2,620 community residents at IHC developments that stood to be affected by the relief granted. *See* Order at 14-16. In short, the Bankruptcy Court's findings rest on testimony from three witnesses, documentary evidence, and the arguments of five sets of counsel and does not warrant interlocutory review.

# ARGUMENT

## I. Claimants Have Failed to Establish a Right to Appeal the Order.

Claimants offer three arguments as to why the Bankruptcy Court's Order is appealable as of right. None has merit.

### A. Section 16 of the Federal Arbitration Act Does Not Apply.

Claimants argue that they have a right to immediately appeal the Order under section 16 of the Federal Arbitration Act, which states that an "appeal may be taken from . . . an interlocutory order granting, continuing, or modifying an injunction against an arbitration that is subject to this title." *See* Motion at 3-4 (citing 9 U.S.C. § 16(a)(2)). That argument fails because the Order is not an injunction "against an arbitration" within the meaning of section 16. The Order does not preclude Claimants from pursuing their claims through arbitration, nor does it bear on the arbitrability of their claims. It is a § 105 preliminary injunction protecting the bankruptcy estate and its prospects for reorganization that has a temporary collateral effect on pending FINRA proceedings.

Not every order that affects an arbitration is subject to section 16's provision for automatic appeal, and none of Claimants' cited authority addresses a temporary stay of arbitrations issued by a bankruptcy court. Section 16 provides only "a rare statutory exception to the usual rule that parties may not appeal before final judgment." *Hill v. Jackson Offshore Holdings, L.L.C.*, 175 F.4th 324, 329 (5th Cir.

2026) (quoting *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740 (2023)). Section 16 appellate jurisdiction "must be determined by focusing upon the category of order appealed from." *In re Deepwater Horizon*, 579 F. App'x 256, 258 (5th Cir. 2014) (quoting *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 628 (2009)). Not every order that incidentally affects an arbitration falls within any of section 16's enumerated categories. *See Bordelon Marine, L.L.C. v. Bibby Subsea ROV, L.L.C.*, 685 F. App'x 330, 335 (5th Cir. 2017) (order addressing arbitrator selection, rather than arbitrability, falls outside section 16(a)'s scope). The Court's Order here, which merely temporarily stays Claimants' ability to pursue arbitral relief, does not fit within section 16.

**B. 28 U.S.C. § 1292(a)(1) Is Inapplicable.**

Claimants also argue there is a mandatory right to appeal the Order under 28 U.S.C. § 1292(a)(1), which states "the courts of appeals shall have jurisdiction of appeals from . . . [i]nterlocutory orders of the district courts of the United States . . . granting, continuing, modifying, refusing or dissolving injunctions." Motion at 4-5. That argument fails on its face. Section 1292 is directed to the jurisdiction of courts of appeal, not appeals of bankruptcy court decisions to district courts. The process for appealing bankruptcy court decisions is governed by 28 U.S.C. § 158, not section 1292. *See Nursery Decals & More, Inc. v. Tegrity Contractors, Inc.*, No. 25-1219,

2026 WL 981026, at *2 (E.D. Tex. Apr. 13, 2026) ("28 U.S.C. § 1292 does not confer jurisdiction on district courts.").

Claimants also argue that the Court should exercise discretion to grant leave to appeal "by analogy," because section 1292(a) permits appeals to circuit courts of interlocutory orders "granting, continuing, modifying, refusing or dissolving injunctions." Motion at 4. The Court should reject Claimants' invitation to dramatically expand the scope of which interlocutory orders from bankruptcy courts are appealable. Claimants point out that courts in this circuit have generally looked to section 1292(b)'s standard to guide their assessment of discretionary interlocutory appeals. But section 1292(a) is a separate provision granting a mandatory right to appeal injunctions issued by district courts to courts of appeal; it does not bear on whether a court should grant a discretionary interlocutory appeal. Claimants' request—essentially, to permit wholesale appeals-as-of-right of any injunction issued by a bankruptcy court—flies in the face of the statutory framework affording discretion to district courts over which bankruptcy appeals to hear. The Court should not bypass its typical discretionary review of Claimants' interlocutory appeal.

### C. The Order Is Not a Final Order.

Finally, Claimants argue that the Order should be treated as final and therefore immediately appealable and offer three theories in support of their argument. *See* Motion at 9-10. Claimants' theories are without merit.

The first is that the Order "resolve[s] [a] discrete controversy definitively" and is therefore appealable under *Ritzen Group, Inc. v. Jackson Masonry*, LLC, 589 U.S. 35 (2020). *Ritzen*, however, involved the appealability of a motion for relief from an automatic stay and the Court's concern that such an order "den[ied] a plaintiff the opportunity to seek relief in its preferred forum." *See Ritzen*, 589 U.S. at 45. The Order here does no such thing; Claimants will have the opportunity to continue to arbitrate their claims after the temporary stay expires.

Claimants' second argument is that the Order should be considered final because the Bankruptcy Court has no authority to issue a permanent injunction under section 105. *See* Motion at 9. Under that logic, every section 105 injunction would be immediately appealable as of right. Here again, Claimants essentially ask to eviscerate the statutory scheme laid out in 28 U.S.C. § 158 for an entire category of routine bankruptcy orders. The Court should not allow Claimants to bypass the normal inquiry as to whether a discretionary interlocutory appeal is appropriate.

Lastly, Claimants argue that the Order constitutes a "final injunction of limited duration," which the Second Circuit has ruled may be appealable if the bankruptcy court contemplates "only further proceedings regarding the reorganization" rather than additional hearings about the underlying dispute giving rise to the section 105 injunction. *See* Motion at 10 (quoting *In re Lomas Fin. Corp.*, 932 F.2d 147, 151 (2d Cir. 1991)). Setting aside that *Lomas* itself is non-binding

authority, the Order here expressly contemplates additional proceedings regarding the scope of the preliminary injunction, including with respect to adding new proceedings (Order at ¶¶ 10, 12), adjudicating objections to the inclusion of such new proceedings (*id.* at ¶ 11), supervising the Non-Debtor Defendants' ongoing discovery obligations (*id.* at ¶ 16), and interpreting and enforcing the Order itself (*id.* at ¶ 20). In other words, the Order much more resembles an ongoing case management order than a final order that concretely disposes of a particular dispute. It accordingly does not fit within *Lomas*'s framework and should not give rise to an automatic right to appeal.

## II. The Court Should Not Grant a Discretionary Interlocutory Appeal of the Order.

### A. Claimants Fail to Satisfy the Standard for Interlocutory Appeal.

The Motion fails to establish that any of Claimants' objections to the Order warrant a discretionary interlocutory appeal. Interlocutory appeals generally are "disfavored because they 'interfere with the overriding goal of the bankruptcy system, expeditious resolution of pressing economic difficulties.'" *DuPree v. Kaye*, No. 07-0768, 2008 WL 294532, at *2 (N.D. Tex. Feb. 4, 2008) (quoting *In re Hunt Int'l Res. Corp.*, 57 B.R. 371, 372 (N.D. Tex. 1985)). Claimants acknowledge that courts assessing whether to grant interlocutory appeals generally look to whether a request satisfies the standard of section 1292(b), which requires that "(1) a controlling issue of law . . . be involved; (2) the question must be one where there is

substantial ground for difference of opinion; and (3) an immediate appeal must materially advance the ultimate termination of the litigation." *See* Motion at 11-12. Despite purporting to meet that standard, Claimants' brief spends essentially no time explaining how any of its purported grounds for appeal qualify. Instead, Claimants simply declare in one brief subsection (Motion at 24-25, Section III.F) that they have met the standard. That is not enough.

First, some of Claimants' objections have nothing to do with any conceivable "controlling issue of law." A "[c]ontrolling issue of law is one that has 'the potential for substantially accelerating the disposition of the litigation' and does not concern 'matters that are entrusted to the discretion of the bankruptcy court.'" *See In re Highland Cap. Mgmt., L.P.*, No. 21-0879, 2022 WL 394760, at *4 (N.D. Tex. Feb. 9, 2022) (quoting *In re Moerbe*, No. 03-57260, 2005 WL 3337634, at *4 (W.D. Tex. Sept. 1, 2005)). Much of the Motion focuses on issues within the discretion of the Bankruptcy Court, such as whether to admit certain exhibits. *See*, *e.g.*, Motion at 21-24.

As importantly, Claimants' brief does nothing to explain how any of its purported controlling issues of law are subject to substantial ground for difference of opinion. "[C]ourts have found substantial ground for difference of opinion where a trial court rules in a manner which appears contrary to the rulings of all Courts of Appeals which have reached the issue, if the circuits are in dispute on the question

and the Court of Appeals of the circuit has not yet spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." *See In re Highland Cap. Mgmt.,* 2022 WL 394760, at *4 (quoting *Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 723-24 (N.D. Tex. 2006)). Claimants do not even attempt to make such a showing, offering only a single conclusory sentence on the subject covering all its supposed grounds for appeal. *See* Motion at 24-25. The Court should not grant a disfavored interlocutory appeal when Claimants have not even meaningfully attempted to meet the standard for interlocutory review.

The Court should also decline Claimants' invitation to exercise its discretion to permit an interlocutory appeal for other reasons. Claimants argue that the Order was "extreme" because it "enjoined over 100 arbitrations." Motion at 5. But as explained above, the Order only temporarily enjoins these arbitrations and did so in part to protect the interests of thousands of potential creditors. Claimants also raise several "ordinary" appellate arguments, such as that the Bankruptcy Court's findings were not supported by adequate facts or that the Bankruptcy Court should have weighed the evidence differently. *See* Motion at 5-7. None of these reasons is a basis to permit interlocutory review.

### B. The Bankruptcy Court Had Discretion to Temporarily Stay FINRA Cases.

Claimants argue at length that the Bankruptcy Court lacked the legal authority to stay FINRA arbitrations because they do not involve "core claims." *See* Motion at 11-14. That argument, however, misreads the law. At most, Claimants' cases stand for the proposition that bankruptcy courts must enforce arbitration agreements where the claims are non-core—i.e., find that non-core claims subject to valid arbitration agreements should be arbitrated. *See* Motion at 12-13 (collecting cases). But nothing in the Order ruled that Claimants' claims were non-arbitrable or declined to enforce a valid arbitration agreement.

The Adversary involves an entirely separate issue: whether the Bankruptcy Court may protect the bankruptcy estate by temporarily staying proceedings involving non-debtors, even if those proceedings include arbitrations. It is well-established, in this circuit and elsewhere, that a bankruptcy court has discretion to stay cases involving non-debtors. *See, e.g.*, *Gigi's Cupcakes, LLC v. 4 Box LLC*, No. 17-3009, 2019 WL 1767003, at *1 (N.D. Tex. Apr. 22, 2019); *Nat'l Oilwell Varco, L.P. v. Mud King Prods.*, No. 12-3120, 2013 WL 1948766, at *2, 5 (S.D. Tex. May 9, 2013). That discretion extends to arbitrations and indeed has been used to stay FINRA arbitrations. *See, e.g.*, *In re SVB Fin. Grp.*, No. 23-10367, 2023 WL 2962212, at *5 (Bankr. S.D.N.Y. Apr. 14, 2023) ("A section 105 injunction is also a proper vehicle by which to stay a FINRA arbitration against a nondebtor

subsidiary"); *In re R & G Fin. Corp.*, 441 B.R. 401, 416 (Bankr. D.P.R. 2010) (staying FINRA proceeding under section 105). Nothing in Claimants' cited authority prohibits a bankruptcy court from using its established authority to grant limited injunctive relief in this manner, and there is no basis to overturn the Order on that ground.

**C. The Bankruptcy Court Applied the Correct Legal Standard.**

Claimants argue that the Bankruptcy Court erred because it failed to "comply with the 'unusual circumstances' test from *Zale*." *See* Motion at 15 (citing *Feld v. Zale Corp. (In Re Zale Corp.)*, 62 F.3d 746, 761 (5th Cir. 1995)). Claimants contend that the Bankruptcy Court failed to apply this test when it "only" looked at the traditional injunction factors. Motion at 15. This argument misreads both *Zale* and the Order.

First, *Zale* on its face does not impose a standalone legal test governing when a bankruptcy court can issue discretionary relief under its equitable Section105 authority. It merely notes that such authority should only be used to stay claims against non-debtors in limited circumstances and identifies two examples:

> The impropriety of a permanent injunction does not necessarily extend to a temporary injunction of third-party actions. Such an injunction may be proper under unusual circumstances . . . These circumstances include 1) when the nondebtor and the debtor enjoy such an identity of interests that the suit against the nondebtor is essentially a suit against the debtor, and 2) when the third-party action

> will have an adverse impact on the debtor's ability to accomplish reorganization.

*Matter of Zale Corp.*, 62 F.3d 746, 761 (5th Cir. 1995) (internal citations omitted).

As IHC explained in the motion seeking injunctive relief (and supported at the evidentiary hearing), ***both*** of *Zale*'s "unusual circumstances" are squarely implicated in this Adversary. The Debtors have an identity of interest with non-debtors because of contractual indemnification provisions, and the stayed FINRA cases were actively threatening the Debtors' reorganization efforts. The Order made express factual findings on the latter point after considering the parties' evidence. *See* Order at 13 (explaining that "if the preliminary injunction is not granted, Mr. Jones and the Plaintiff-Debtors will have an immediate need to divert attention away from the current critical stages in the Plaintiff-Debtors' sales and plan efforts to monitor the IHC Investment-Related Claims and FINRA arbitration proceedings"). Having found that the FINRA arbitrations threatened the reorganization, the Bankruptcy Court acted entirely consistently with *Zale* in fashioning appropriate relief through its section 105 authority.[1]

---

[1] Claimants cite *In re Couture Hotel Corp.*, 536 B.R. 712, 751 (Bankr. N.D. Tex. 2015), which describes *Zale* as a "two-factor" test. But other courts have correctly read *Zale* consistent with its plain text, as offering examples rather than requiring that the Court make affirmative factual findings for each of its two example circumstances. *See, e.g., In re Genesis Healthcare, Inc.*, No. 25- 2963, 2026 WL 1194759, at *6 (N.D. Tex. May 1, 2026) (discussing *Zale* and explaining that, "[t]o exercise its power to temporarily enjoin claims against non-debtors, the bankruptcy court needed to determine on the record that these ***or any other 'unusual circumstances' exist***") (emphasis added).

Claimants also argue that the Bankruptcy Court misapplied the "likelihood of success" prong of the traditional injunction factors. *See* Motion at 16. Claimants are wrong. In the Order, the Bankruptcy Court concluded that the "likelihood of success" prong should be directed to assessing the likelihood of a successful reorganization. *See* Order at 11-12. That approach is consistent with recent case law. *See, e.g.*, *In re Acis Cap. Mgmt., L.P.*, 604 B.R. 484, 528 (N.D. Tex. 2019); *In re Genesis Healthcare, Inc.*, No. 25-2963, 2026 WL 1194759, at *8 (N.D. Tex. May 1, 2026). Regardless, Claimants never articulate what the Court *should* have considered instead. To the extent Claimants believe that the Court should have considered the likelihood that the Debtors could establish legal grounds for a stay, that question was already answered by the Court's finding that it had the legal authority to stay cases involving non-debtors and such relief was necessary here to protect the Debtors' reorganization efforts.

### D. Claimants Waived Any Personal Jurisdiction Argument by Making a General Appearance in the Adversary.

Claimants contend that the Bankruptcy Court lacked personal jurisdiction to grant relief because they were not served with a summons. *See* Motion at 20-21. That argument fails because Claimants' counsel waived personal jurisdiction arguments when their counsel made a "general appearance" in the case. Claimants' own authority explains the "basic principle" that:

> objections to personal jurisdiction may be waived through general appearance when a party makes "some presentation or submission to the court." This can arise: from a defendant's seeking, taking, or agreeing to some step or proceeding in the cause beneficial to himself or detrimental to plaintiff other than one contesting only the jurisdiction or by reason of some act or proceedings recognizing the case as in court . . . That is, an action such as filing an application for admission *pro hac vice*, filing for a motion for an extension of time, or a joint notice of appearance are not a general appearance as they do not evince the "seeking, taking, or agreeing to some step or proceeding in the cause," a prerequisite to a general appearance.

*8fig, Inc. v. Stepup Funny, L.L.C.*, 135 F.4th 285, 291-92 (5th Cir. 2025).

Under that standard, Claimants' counsel plainly made a general appearance in the Adversary. Claimants' counsel filed not one, but two substantive opposition briefs opposing injunctive relief on the merits without raising any personal jurisdiction argument (and subsequently argued those merits points at hearings). [Adv. Docket Nos. 19, 44]. Such substantive oppositions go well beyond the "filing of status reports and moving to seal the proceeding" that was already deemed enough to be a general appearance in *8fig*. *See 8fig*, 135 F.4th at 292. Indeed, both oppositions expressly acknowledged that the Bankruptcy Court had jurisdiction under 28 U.S.C. §§ 157 and 1334, that the matter was a core proceeding, that venue was proper, and that the Court had "full authority to grant the requested relief and to enter a final order." [Adv. Docket No. 19 ¶¶ 3-6; Adv. Docket No. 44 ¶¶ 3-6].

Fifth Circuit law is clear that courts should apply a functional test, not an overly formalistic one, when assessing whether service was adequate. *See Broad.*

*Music, Inc. v. M.T.S. Enters., Inc.*, 811 F.2d 278, 282 (5th Cir. 1987) (explaining that "notions of efficiency conduce to a reasonable, non-mechanistic interpretation of whether service has been effected in a given case"). Indeed, "[t]he Federal Rules do not in any way suggest that a defendant may halfway appear in a case, giving plaintiff and the court the impression that he has been served, and, at the appropriate time, pull failure of service out of the hat like a rabbit . . . ." *Id.* at 281. Having argued their opposition to preliminary injunctive relief on the merits, the Court should find that Claimants waived any personal jurisdiction argument and deny their request for interlocutory appeal on that basis.

### E. Claimants' Complaints about Debtors' Exhibit List Are Without Merit.

Claimants contend that the Bankruptcy Court abused its discretion by admitting a small number of documents that were untimely disclosed. *See* Motion at 21-24. As outlined above, such an argument does not come close to warranting an interlocutory appeal because there is no question as to any controlling issue of law, let alone substantial disagreement on the subject. *See* Section II.A, *supra*. The argument also rings hollow given that Claimants' counsel affirmatively opposed continuing the hearing date to allow more time for discovery.[2] Regardless, nothing

[2] *See* Ex. 2, July 10, 2026 email from R. Simon to T. Miller regarding 14-day continuation (Claimants' counsel writing: "We not inclined to agree to a continuance, but it is your motion. You can simply withdraw it and refile it later. You can also file the Motion for Continuance and note in the Certificate of Conference that we oppose it.").

about the Bankruptcy Court's treatment of these exhibits warrants reversing the Order, because Claimants fail to show that the Bankruptcy Court abused its discretion to admit relevant documents and because their admission was, at most, harmless error.

First, the record demonstrates that the Bankruptcy Court acted well within its discretion when evaluating objections to IHC's amended exhibit list. As is clear from the hearing transcript, the court emphasized the expedited nature of the proceeding, that the parties had been diligent in preparing for the proceeding, and that it made more sense to evaluate any prejudice—including for surprise—on an exhibit-by-exhibit basis.[3] And indeed, the Court duly considered specific admissibility issues as those documents were introduced, including with respect to timeliness of disclosure, hearsay, and foundation.[4]

Claimants cannot show that such a reasoned approach was an abuse of discretion and their effort to argue otherwise fails. For one, Claimants cite the standard for when courts abuse their discretion by *excluding* untimely evidence, not when they admit such evidence. *See* Mot. at 22-23 (citing *King v. King*, 117 F.4th 301, 306-07 (5th Cir. 2024)). Even then, Claimants only press two considerations,

---

[3] *See* Ex. 1, Hearing Tr. 29:6-31:18.

[4] *See* Ex. 1, Hearing Tr. 97:8-101:6.

prejudice and the "lack of explanation" for untimely disclosure. *See id.*[5] Neither shows an abuse of discretion here. As noted above, the "explanation" for amendments to the parties' exhibit lists was a fast-moving injunction proceeding. And Claimants' only argument for prejudice is that they "could have prepared a more specific cross-examination of Plaintiffs' witness and prepared their own witness for cross-examination," if the exhibits had been served a few hours earlier. Motion at 23. Nothing about that argument remotely shows an abuse of discretion by the Bankruptcy Court.

Further, even if the Bankruptcy Court's approach could be considered error, it was harmless. Claimants argue that only 17 of the 205 documents on IHC's exhibit list were untimely disclosed. *See* Motion at 22 ("The Amended Witness and Exhibit List should have been stricken and Exhibits 188 through 205 excluded."). The Order itself makes clear that it considered a broad array of evidence in reaching its conclusions. *See* Order at 2 ("the Court has reviewed and carefully considered the Motion, the Plaintiff-Debtors' Brief, the Objections filed on behalf of approximately 90 [o]bjecting FINRA Claimants, the testimony of witnesses, the documents admitted into evidence, the documents of which judicial notice was requested or is specifically referenced in this Order, and the arguments of counsel."). The quantity

[5] Claimants argue that the evidence was "undoubtedly important," Mot. at 23, which supports admitting the exhibits. They also argue that a continuance was unfeasible, also supporting admission of the exhibits. *See id.*

of evidence considered and cited by the Bankruptcy Court undermines any argument that Claimants' complaints about timeliness warrant reversing the Order. *See United States v. Benito*, 835 F. App'x 789, 790 (5th Cir. 2021) (rejecting appeal based on the late disclosure of documents because "that error was harmless in light of the strength of the rest of the evidence").

Either way, there is no ground to overturn the Order based on the Bankruptcy Court's decision to admit a small number of exhibits disclosed in the leadup to an emergency hearing for injunctive relief. *See* Ex. 1, July 14, 2026 hearing transcript, at 29:6-7 ("Welcome to bankruptcy, everyone."). The Court should decline Claimants' invitation to hear an appeal on that ground.

## CONCLUSION

The Bankruptcy Court applied the correct legal framework, made supported findings, entered a narrow and time-limited order, and did so on a full evidentiary record. There is no reason for the Court to grant interlocutory review of such an order. Accordingly, and for the reasons set forth above, IHC respectfully requests that the Court deny the Motion.

Dated: August 19, 2026

Respectfully submitted,

**DECHERT LLP**

*/s/ Debbie E. Green*

Marcus A. Helt (Texas Bar #24052187)
Debbie E. Green (Texas Bar #24059852)
Jack G. Haake (Texas Bar #24127704)
2651 N Harwood Street
Dallas, Texas 75201
Telephone: (214) 453-4900
marcus.helt@dechert.com
debbie.green@dechert.com
jack.haake@dechert.com

- and -

Jerry L. Hall (*pro hac vice* to be filed)
Three Bryant Park
1095 Avenue of the Americas
New York, New York 10036
Telephone: (212) 698-3500
Facsimile: (212) 698-3599
jerry.hall@dechert.com

***Counsel for Plaintiffs***

## CERTIFICATE OF COMPLIANCE

1. This Opposition complies with the type-volume requirements of Federal Rule of Bankruptcy Procedure 8013(f) because this motion contains 4,484 words, excluding the parts of the motion exempted by Federal Rule of Bankruptcy Procedure 8013(f)(3).

2. This motion complies with the type-face requirements of Federal Rule of Appellate Procedure 27(d)(1)(E), as made applicable by Federal Rule of Bankruptcy Procedure 8013(f) because this motion has been prepared in a proportionally spaced typeface using Microsoft Word 365 in 14-point Times New Roman.

Dated: August 19, 2026

*/s/ Debbie E. Green*
Debbie E. Green

## CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2026, a true and correct copy of the foregoing document was served by the Court's CM/ECF system on all parties receiving electronic notice in this case.

Dated: August 19, 2026

*/s/ Debbie E. Green*
Debbie E. Green