**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| In re:<br><br>INSPIRED HEALTHCARE CAPITAL HOLDINGS, LLC, *et al.*<br><br>Debtors. | Chapter 11<br><br>Bankr. No. 26-90004-MXM<br><br>(Jointly Administered) |
| INSPIRED HEALTHCARE CAPITAL HOLDINGS, LLC, *et al.*,<br><br>Plaintiffs,<br><br>-against-<br><br>AURORA SECURITIES, *et al.*,<br><br>Defendants. | Bankr. Adv. Pro. No. 26-09006-MXM |
| SOREIDE LAW GROUP, *et al.*,<br><br>Appellants,<br><br>-against-<br><br>INSPIRED HEALTHCARE CAPITAL HOLDINGS, LLC, *et al.*<br><br>Appellees. | Dist. Ct. No. 4:26-cv-00974-P (Consolidated with Dist. Ct. No. 4:26-cv-00980-P) |

**PLAINTIFF-DEBTORS' OBJECTIONS TO SOREIDE LAW APPELLANTS' MOTION FOR JOINDER**

Plaintiff-Debtor Inspired Healthcare Capital Holdings, LLC, and its affiliated debtors (collectively, "IHC" or the "Debtors") submit this Opposition to Appellants' *Motion for Leave to Appeal and Joinder in Brief in Support Filed by Other Appellants* (the "Joinder Motion") [Adv. Docket No. 87].

## INTRODUCTION

This is a second appeal from the Bankruptcy Court's *Order Granting Plaintiff-Debtors' Request for Preliminary Injunction* (the "Order") [Adv. Docket No. 63] in the above-captioned adversary proceeding. Both appeals have been consolidated in this proceeding. *See* Doc. 7. Debtors have already filed their opposition to the first appeal. *See* Doc. 5. Because this second appeal is presented as a motion to join the earlier motion for leave to appeal, Debtors incorporate their earlier opposition by reference and do not repeat those arguments here. This second appeal involves a separate group of FINRA claimants ("Claimants"). Their Joinder Motion includes a brief argument with respect to personal jurisdiction, which is addressed below.

## ARGUMENT

### I. Claimants Waived Any Personal Jurisdiction Argument by Making a General Appearance in the Adversary.

Claimants contend that the Bankruptcy Court lacked personal jurisdiction to grant relief because none "have been named as defendants in this Adversary Proceeding, the Clerk of the Court has not issued summons, and they have not been

served with the Complaint in this case." *See* Joinder Motion at 20-21. The first point is incorrect: claimants in the relevant FINRA proceeding, including appellants here, were named as defendants in the underlying adversary proceeding. *See* Adversary Docket 1, Complaint at ¶ 26 (identifying IHC investors identified in Complaint Schedule 1 as parties). Specific investor names were listed in a sealed schedule to protect their privacy, which is why they were not all identified by name in the body of the complaint. *See id.* ¶ 26 n.2.

Claimants' other arguments about personal jurisdiction also fail because Claimants' counsel waived personal jurisdiction arguments when their counsel made a "general appearance" in the case. Claimants' own authority explains the applicable "basic principle":

> objections to personal jurisdiction may be waived through general appearance when a party makes "some presentation or submission to the court." This can arise: from a defendant's seeking, taking, or agreeing to some step or proceeding in the cause beneficial to himself or detrimental to plaintiff other than one contesting only the jurisdiction or by reason of some act or proceedings recognizing the case as in court . . . That is, an action such as filing an application for admission pro hac vice, filing for a motion for an extension of time, or a joint notice of appearance are not a general appearance as they do not evince the "seeking, taking, or agreeing to some step or proceeding in the cause," a prerequisite to a general appearance.

*8fig, Inc. v. Stepup Funny, L.L.C.*, 135 F.4th 285, 291-92 (5th Cir. 2025). Under that standard, Claimants' counsel plainly made a general appearance in the Adversary. Claimants' counsel filed a substantive opposition brief opposing injunctive relief on

the merits (and subsequently argued those merits points at hearings). [Adv. Docket No. 17].[1] Filing a substantive opposition goes well beyond the "filing of status reports and moving to seal the proceeding" that was already deemed enough to be a general appearance in *8fig*. *See 8fig*, 135 F.4th at 292.

Fifth Circuit law is clear that courts should apply a functional test, not an overly formalistic one, when assessing whether service was adequate. *See Broad. Music, Inc. v. M.T.S. Enters., Inc.*, 811 F.2d 278, 282 (5th Cir. 1987) (explaining that "notions of efficiency conduce to a reasonable, non-mechanistic interpretation of whether service has been effected in a given case"). Indeed, "[t]he Federal Rules do not in any way suggest that a defendant may halfway appear in a case, giving plaintiff and the court the impression that he has been served, and, at the appropriate time, pull failure of service out of the hat like a rabbit . . . ." *Id.* at 281. Having argued their opposition to injunctive relief on the merits, the Court should find that Claimants waived any personal jurisdiction argument and deny their request for interlocutory appeal on that basis.

---

[1] Claimants' opposition argued that Debtors had not "serve[d] all of the 105 defendants it named in Exhibit 1" and accordingly had failed to comply with Local Rule L.B.R. 4001-1(f) but did not raise any personal jurisdiction argument. [Adv. Docket 17 at 5]. While counsel for claimants did raise personal jurisdiction arguments at the hearing, that argument had already been waived through the prior substantive opposition referenced above constituting a general appearance. *See* Ex. 1, Hearing Tr. 384.

## CONCLUSION

For the reasons set forth above, IHC respectfully requests that the Court deny the Joinder Motion.

Dated: August 21, 2026

Respectfully submitted,

**DECHERT LLP**

*/s/ Debbie E. Green*
Marcus A. Helt (Texas Bar #24052187)
Debbie E. Green (Texas Bar #24059852)
Jack G. Haake (Texas Bar #24127704)
2651 N Harwood Street
Dallas, Texas 75201
Telephone: (214) 453-4900
marcus.helt@dechert.com
debbie.green@dechert.com
jack.haake@dechert.com

- and -

Jerry L. Hall (*pro hac vice* to be filed)
Three Bryant Park
1095 Avenue of the Americas
New York, New York 10036
Telephone: (212) 698-3500
Facsimile: (212) 698-3599
jerry.hall@dechert.com

***Counsel for Plaintiffs***

## CERTIFICATE OF COMPLIANCE

1. This Opposition complies with the type-volume requirements of Federal Rule of Bankruptcy Procedure 8013(f) because this motion contains 702 words, excluding the parts of the motion exempted by Federal Rule of Bankruptcy Procedure 8013(f)(3).

2. This motion complies with the type-face requirements of Federal Rule of Appellate Procedure 27(d)(1)(E), as made applicable by Federal Rule of Bankruptcy Procedure 8013(f) because this motion has been prepared in a proportionally spaced typeface using Microsoft Word 365 in 14-point Times New Roman.

Dated: August 21, 2026

*/s/ Debbie E. Green*
Debbie E. Green

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2026, a true and correct copy of the foregoing document was served by the Court's CM/ECF system on all parties receiving electronic notice in this case.

Dated: August 21, 2026

*/s/ Debbie E. Green*
Debbie E. Green