**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **INSPIRED HEALTHCARE CAPITAL HOLDINGS, LLC, *et al.*,** | § | **Case No. 26-90004** |
| | § | **Chapter 11** |
| | § | **(Jointly Administered)** |
| **Debtors.** | § | |

---

| | | |
|---|---|---|
| **INSPIRED HEALTHCARE CAPITAL, HOLDINGS, LLC, *et al.*,** | § | |
| | § | |
| **V.** | § | **Bk. Adv. Proc. No. 26-09006** |
| | § | |
| **AURORA SECURITIES, *et al.*,** | § | |

---

| | | |
|---|---|---|
| **BRETT W. HENRICKS, *et al.*,** | § | |
| **APPELLANTS,** | § | |
| **V.** | § | **Civil Action No. 4:26-cv-00974-P** |
| **INSPIRED HEALTHCARE CAPITAL HOLDINGS, LLC, *et al.*,** | § | |
| **APPELLEES.** | § | |

---

**APPELLANTS' REPLY TO THE DEBTORS' OBJECTIONS TO APPELLANTS' MOTION FOR LEAVE TO APPEAL**

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS ........................................................................ ii

TABLE OF AUTHORITIES .................................................................... iii

I. APPELLANTS CAN APPEAL THE INJUNCTION AS A MATTER OF RIGHT UNDER 9 U.S.C. § 16(A)(2) .................................. 1

II. LEAVE TO APPEAL SHOULD BE GRANTED UNDER 28 U.S.C. § 1292(A)(1) ........................................................................ 4

III. THE ORDER IS FINAL ........................................................................ 5

IV. THE ORDER IS APPEALABLE UNDER 28 U.S.C. §§ 158(A)(3) AND 1292(B) ........................................................................ 6

A. The Bankruptcy Court Lacked the Discretion to Enjoin the FINRA Arbitrations ........................................................................ 6

B. The Bankruptcy Court Applied the Incorrect Legal Standard When Granting the Preliminary Injunction ......................... 8

C. The Bankruptcy Court Lacked Authority Pursuant to Federal Rule of Procedure 4 to Bind Improperly Served Parties by the Order ........................................................................ 9

D. The Court Improperly Allowed Untimely Disclosed Exhibits into the Record ........................................................................ 10

CONCLUSION ........................................................................ 11

CERTIFICATE OF COMPLIANCE ........................................................................ 11

CERTIFICATE OF SERVICE ........................................................................ 12

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Bordelon Marine, L.L.C. v. Bibby Subsea Rov, L.L.C.*,
685 F. App'x 330 (5th Cir. 2017) ....................3

*Dean Witter Reynolds, Inc. v. Byrd*,
470 U.S. 213 (1985) ....................3, 4

*DP Sols., Inc. v. Rollins, Inc.*,
34 F. App'x 150 (5th Cir. 2002) ....................2

*Edwards v. Rogow*,
2026 WL 279318 (E.D. La. Feb. 3, 2026) ....................9

*Feld v. Zale Corp. (In Re Zale Corp.)*,
62 F.3d 746 (5th Cir. 1995) ....................8, 9

*Hill v. Jackson Offshore Holdings, L.L.C.*,
175 F.4th 324 (5th Cir. 2026) ....................2, 3

*In re Archer*,
2024 WL 4202367 (N.D. Tex. Sept. 16, 2024) ....................7

*In re Deepwater Horizon*,
579 F. App'x 256 (5th Cir. 2014) ....................3

*In re Gandy*,
299 F.3d 489 (5th Cir. 2002) ....................6

*In re Genesis Healthcare, Inc.*,
2026 WL 1194759 (N.D. Tex. May 1, 2026) ....................5

*In re Lomas Fin. Corp.*,
932 F.2d 147 (2d Cir. 1991) ....................5

*In re R & G Fin. Corp.*,
441 B.R. 401 (Bankr. D.P.R. 2010) ....................7

*In re SVB Fin. Grp.*,
2023 WL 2962212 (Bankr. S.D.N.Y. Apr. 14, 2023)............................................7

*League of United Latin Am. Citizens, Dist. 19 v. City of Boerne*,
675 F.3d 433 (5th Cir. 2012) ..............................................................................2

*Madol v. Dan Nelson Auto. Grp.*,
372 F.3d 997 (8th Cir. 2004) ..............................................................................1

*Natour v. Bank of Am., N.A.*,
2021 WL 5239592 (E.D. Tex. Nov. 10, 2021).....................................................10

*Prepared Food Photos Inc. v. Epic Sols. LLC*,
2024 WL 4904675 (W.D. La. Jan. 9, 2024) .........................................................6

*Reliant Energy Servs., Inc. v. Enron Canada Corp.*,
349 F.3d 816 (5th Cir. 2003) ..............................................................................7

*Ritchie Cap. Mgmt., L.L.C. v. Jeffries*,
653 F.3d 755 (8th Cir. 2011) ..............................................................................8

*Ritzen Grp., Inc. v. Jackson Masonry, LLC*,
589 U.S. 35 (2020)..............................................................................................5

*Weis Builders, Inc. v. Kay S. Brown Living Tr.*,
94 F. App'x 687 (10th Cir. 2004) .........................................................................2

**<u>Other Authorities</u>** **<u>Pages</u>**

Federal Arbitration Act, 9 U.S.C. §§ 1-16 ("FAA") ......................................1, 3, 4

9 U.S.C. § 3 ..........................................................................................................2

9 U.S.C. § 16 ........................................................................................................4

9 U.S.C. § 16(a) ....................................................................................................2

9 U.S.C. § 16(a)(2).........................................................................................1, 3, 4

11 U.S.C. § 105 ....................8

11 U.S.C. § 362 ....................8

28 U.S.C. § 158 ....................4

28 U.S.C. §§ 158(a)(3) ....................6, 9

28 U.S.C. § 1292(a)(1) ....................2, 4

28 U.S.C. § 1292(b) ....................6, 9

Federal Rule of Bankruptcy Procedure 7012 ....................10

Federal Rule of Bankruptcy Procedure 7065 ....................8

Federal Rule of Bankruptcy Procedure 8013(f)(3)(C) ....................11

Federal Rule of Bankruptcy Procedure 8015(a)(5) ....................11

Federal Rule of Bankruptcy Procedure 8015(a)(6) ....................11

Federal Rule of Bankruptcy Procedure 8015(g) ....................11

Federal Rule of Procedure Civil Procedure 4 ....................9

Federal Rule of Civil Procedure 59 ....................5, 6

Federal Rule of Civil Procedure 60 ....................5, 6

Federal Rule of Civil Procedure 65 ....................8

Appellants Brett W. Henricks *et al*., file this Reply to the Objections filed by Appellees Inspired Healthcare Capital Holdings and affiliated entities (collectively the "Appellees" or the "Debtors"), to the Appellants' Motion for Leave to Appeal ("Motion" or "initial Motion").

## I. <u>APPELLANTS CAN APPEAL THE INJUNCTION AS A MATTER OF RIGHT UNDER 9 U.S.C. § 16(A)(2).</u>

Section 16(a)(2) of the Federal Arbitration Act, 9 U.S.C. §§ 1-16 ("FAA"), provides that an appeal may be taken from "an interlocutory order granting, continuing, or modifying an injunction against an arbitration." The Order under review is entitled "Order Granting Plaintiff-Debtors' Request for Preliminary Injunction" ("Order"). [Adversary Docket No. 64]. On its face, it grants an injunction against Appellants' arbitrations and is appealable under Section 16(a)(2).

The Debtors argue the Appellants cannot appeal under this statute, because the Order is a "temporary stay." [Debtors' Objections to Motion for Leave to Appeal ("Objections"), pg. 4, Docket No. 5]. A temporary injunction of an arbitration, however, is appealable under Section 16(a)(2). "Despite the order's temporary nature, it was an order 'refusing a stay' and directing that the litigation proceed, and was thus appealable under § 16(a)." *Madol v. Dan Nelson Auto. Grp.,* 372 F.3d 997, 999 (8th Cir. 2004). "Although the order is 'temporary in nature, it is an order that

favors litigation over arbitration and is immediately appealable under § 16(a).'" *Weis Builders, Inc. v. Kay S. Brown Living Tr.*, 94 F. App'x 687, 689 (10th Cir. 2004).

The Fifth Circuit holds that temporary injunctions are appealable. "[T]he temporary modification was a type of temporary injunction, appealable pursuant to 28 U.S.C. § 1292(a)(1)." *League of United Latin Am. Citizens, Dist. 19 v. City of Boerne*, 675 F.3d 433, 437 n.2 (5th Cir. 2012). "[T]his appeal concerns the district court's temporary injunction order, . . . appealable under 28 U.S.C. § 1292(a)(1)." *DP Sols., Inc. v. Rollins, Inc.*, 34 F. App'x 150, at *7 (5th Cir. 2002).

The Debtors cite *Hill v. Jackson Offshore Holdings, L.L.C.*, 175 F.4th 324 (5th Cir. 2026), but *Hill* supports the Appellants' position, not the Debtors'. In *Hill*, the District Court denied a motion to compel arbitration without prejudice and said the movant could "'move anew' at a later point," pending discovery. *Id.*, at 329. This order was immediately appealable, though it was temporary.

> [W]e have not squarely addressed whether § 16(a) supports exercising jurisdiction when the district court entered its denial without prejudice and suggested it would later revisit the matter. However, we have exercised jurisdiction in very similar circumstances, after a district court refused to stay under § 3 and instead permitted "'limited discovery' into arbitrability." . . . [T]he district court's order explicitly stated that there would be additional briefing on the motion to compel after the limited discovery. Moreover, other circuits have held that § 16(a) supports jurisdiction even when the district court enters its denial without prejudice or otherwise indicates an intent to later revisit the issue. The text of § 16(a) does not draw a distinction between orders entered with prejudice and orders entered without prejudice. . . .

> We agree with the Third Circuit: "We have jurisdiction over orders refusing to compel arbitration 'irrespective of the fact that the [motion] was denied without prejudice.'"

*Id*. at 329-330 (footnotes omitted).[1]

The Debtors also assert that the right to appeal under Section 16(a)(2) of the FAA applies only to "decisions on arbitrability." [Objections, pg. 1]. The Debtors cite no authority for this assertion, and none exists. The statutory text is not limited to arbitrability and instead applies broadly to any "injunction against an arbitration." The Debtors are adding words to the statute that are not there.

A court might enjoin arbitrations for reasons besides lack of arbitrability. For example, in *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213 (1985), the District Court denied a motion to compel arbitration of state law claims, not because these claims were not arbitrable, but rather because they were intertwined with federal securities law claims thought at that time not to be arbitrable and which the District Court—and later the Ninth Circuit after an interlocutory appeal—said should be resolved in court. The Supreme Court reversed, because the

> preeminent concern of Congress in passing the [FAA] was to enforce private agreements into which parties had entered, and that concern requires that we rigorously enforce agreements to arbitrate, even if the result is "piecemeal" litigation, at least absent a countervailing policy manifested in another federal statute. By compelling arbitration of

[1] The Debtors also cite *In re Deepwater Horizon*, 579 F. App'x 256 (5th Cir. 2014), and *Bordelon Marine, L.L.C. v. Bibby Subsea Rov, L.L.C.*, 685 F. App'x 330 (5th Cir. 2017), but, unlike this case, *Deepwater* and *Bordelon* were not direct appeals of a lower court's imposition of an injunction and are therefore inapplicable.

> state-law claims, a district court successfully protects the contractual rights of the parties and their rights under the Arbitration Act.

*Id.* at 221 (citation omitted). Because the purpose of the FAA is to enforce arbitration agreements, Section 16 allows immediate appeals of all orders against arbitration, whether the order is based on lack of arbitrability or any other reason.

The Order is therefore immediately appealable under FAA Section 16(a)(2).

## II. LEAVE TO APPEAL SHOULD BE GRANTED UNDER 28 U.S.C. § 1292(A)(1).

As stated in Appellants' initial Motion, leave to appeal should also be granted as a matter of right or by analogy to 28 U.S.C. § 1292(a)(1), which allows appeals of injunctions to the circuit courts of appeal. Appeals of injunctions should likewise be allowed to the District Court. The bankruptcy appeal statute, 28 U.S.C. § 158, does not limit consideration of appeals of bankruptcy interlocutory orders, and district courts can appropriately rely on section 1292(a)(1) as a basis for such appeals. Allowing an appeal is particularly appropriate in this case, in which the Bankruptcy Court enjoined more than 140 pending arbitrations against non-debtors, many or them filed by elderly investors, based solely on the claimed irreparable injury that the Debtors would be distracted if they had to monitor the arbitrations. [Order, pg. 13].[2]

---

[2] The Appellants challenged the Debtors' arguments regarding the alleged injuries of dissipation of insurance proceeds and indemnity exposure to the estate. Contrary to the Debtors' incorrect assertions [Objections, pg. 3], the Bankruptcy Court did not factually find that these arguments

## III. <u>THE ORDER IS FINAL</u>.

As stated in Appellants' initial Motion, the Order is also appealable as a final order of limited duration, pursuant to *In re Lomas Fin. Corp.*, 932 F.2d 147 (2d Cir. 1991). The Supreme Court recognizes that bankruptcy courts commonly "resolve discrete controversies definitively while the umbrella bankruptcy case remains pending," and such decisions are final and appealable. *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 589 U.S. 35, 38 (2020). Here, the Order definitively resolved the discrete controversy whether the Appellants' arbitrations should be enjoined for 120 days. The injunction was the only relief that the Debtors sought. Although the Order was styled as a preliminary injunction, no permanent injunction can be issued. *In re Genesis Healthcare, Inc.*, 2026 WL 1194759, at *5 (N.D. Tex. May 1, 2026).

The Debtors argue that the Order is not final because it has provisions for discovery, adding additional arbitrations to be enjoined, and enforcing the Order. [Objections, pg. 8]. That an order can have later consequences, however, does not alter its finality. Otherwise, few if any orders would be final, because all orders have consequences. In a later Bankruptcy Court filing, regarding clarification of the Order, the Debtors relied on Federal Rules of Civil Procedure 59 and 60, thereby tacitly conceding that the Order is final. [Adversary Docket No. 102, pg. 4]. *See*

---

were valid. [Order, pg. 13].

*Prepared Food Photos Inc. v. Epic Sols. LLC*, 2024 WL 4904675, at *1 (W.D. La. Jan. 9, 2024) ("Rules 59 and 60 apply only to final judgments . . . .").

This Court should treat the Order as a final order of limited duration and therefore appealable.

## IV. THE ORDER IS APPEALABLE UNDER 28 U.S.C. §§ 158(A)(3) AND 1292(B).

### A. The Bankruptcy Court Lacked the Discretion to Enjoin the FINRA Arbitrations.

In the Fifth Circuit, as well as the Second, Third, Ninth, and Eleventh Circuits, "it is generally accepted that a bankruptcy court has no discretion to refuse to compel the arbitration of matters not involving 'core' bankruptcy proceedings under 28 U.S.C. § 157(b) . . . ." *In re Gandy*, 299 F.3d 489, 495 (5th Cir. 2002). No Circuit has a different view. Here, the Appellants' arbitration claims against non-debtors did not involve core bankruptcy proceedings. The Bankruptcy Court therefore lacked discretion to enjoin the Appellants' arbitrations.

The Debtors argue that the Order did not "decline[] to enforce a valid arbitration agreement," [Objections, pg. 15]. This argument is incorrect on its face. The Order enjoined the Appellants' arbitrations against their broker-dealers and therefore declined to enforce the broker-dealers' valid arbitration agreements. That the Court might later allow the arbitrations to proceed does not alter its refusal to enforce the arbitration agreements now.

The Debtors cite *In re SVB Fin. Grp.*, 2023 WL 2962212 (Bankr. S.D.N.Y. Apr. 14, 2023), and *In re R & G Fin. Corp.*, 441 B.R. 401 (Bankr. D.P.R. 2010), but the broker-dealers in these cases were subsidiaries of the debtors. These cases can therefore be understood as involving the exception for extending the automatic stay to non-debtors when they have an identity of interest with the debtors. *Reliant Energy Servs., Inc. v. Enron Canada Corp.*, 349 F.3d 816, 825 (5th Cir. 2003). In *R & G*, for example, the debtor, as the broker-dealer's sole shareholder, was "statutorily the only party that may be potentially liable to the FINRA claimants depending on the outcome of their claims." 441 B.R. at 410. Here, the broker-dealers do not have an identity of interest with the Debtors, and the Court denied as moot the Debtors' request to extend the automatic stay on this basis. [Order, pg. 17].

District courts have allowed appeals from bankruptcy interlocutory orders when "(1) a controlling question of law exists for which (2) there is a substantial ground for difference of opinion (3) the resolution of which may materially advance the ultimate termination of the litigation." *In re Archer*, 2024 WL 4202367, at *1 (N.D. Tex. Sept. 16, 2024). "A substantial ground for difference of opinion exists if 'a trial court rules in a manner which appears contrary to the rulings of all Courts of Appeals which have reached the issue . . . .'" *Id.*, at *2 (citation omitted). Here, whether the Bankruptcy Court correctly enjoined arbitrations involving non-core claims, against non-debtors, involves a controlling question of law. By enjoining

non-core claims, the Court ruled in a manner "contrary to the rulings of all Courts of Appeals which have reached the issue." The resolution of this issue will advance the ultimate termination of the litigation. Accordingly, this issue satisfies the elements for allowing appeals from bankruptcy court interlocutory orders.

### B. __The Bankruptcy Court Applied the Incorrect Legal Standard When Granting the Preliminary Injunction__.

As stated in Appellants' initial Motion, the Bankruptcy Court did not apply the "unusual circumstances" test of *Feld v. Zale Corp. (In Re Zale Corp.),* 62 F.3d 746 (5th Cir. 1995). *Zale* said that, "[i]f the bankruptcy court does not determine that unusual circumstances exist, the court may not enter an injunction of the third-party actions." *See Ritchie Cap. Mgmt., L.L.C. v. Jeffries*, 653 F.3d 755, 762 (8th Cir. 2011) ("Unless a case involves unusual circumstances, . . . the bankruptcy court cannot halt litigation by non-debtors . . . .").

Here, the Bankruptcy Court said it did not need to find that unusual circumstances existed if the elements for injunctive relief were satisfied. "Although the absence of an identity of interests may bear on whether the 'unusual circumstances' exception warrants an[] extension of the § 362 automatic stay, it is legally unpersuasive in the Court's analysis of whether to issue a preliminary injunction under § 105 and Rules 65 and 7065." [Order, pg. 12]. The Court therefore did not find that unusual circumstances existed, as required by *Zale*.

The two unusual circumstances identified in *Zale* were an identity of interests between the debtor and the third party or an adverse impact on the bankruptcy estate. 62 F.3d at 761. The Court did not find an identity of interest. While the Court with respect to the irreparable injury element of injunctive relief found an adverse impact on the bankruptcy estate, this finding was based on the insubstantial and speculative injury, if any, that the Debtors would be distracted if they had to monitor the arbitrations. [Order, pg. 13]. This insignificant "adverse impact" allows the "unusual" exception to swallow the rule.

This issue involves a controlling issue of law, with a ground for difference of opinion, which would materially advance the termination of the litigation if resolved. It is appealable under 28 U.S.C. §§ 158(a)(3) and 1292(b).

### C. <u>The Bankruptcy Court Lacked Authority Pursuant to Federal Rule of Procedure 4 to Bind Improperly Served Parties by the Order</u>.

Appellants continue to rely on their initial Motion regarding the lack of service of process. The Debtors do not dispute they never served the Appellants with summonses, but they argue that Appellants waived this objection. [Objections, pg. 19]. "Objections to service of process are waived only if not 'raised in the answer or by motion before the filing of a responsive pleading.'" *Edwards v. Rogow*, 2026 WL 279318, at *2 (E.D. La. Feb. 3, 2026). "[A]s long as the objection is made in a timely

fashion, a defendant's appearance in the suit does not waive the objection to service." *Natour v. Bank of Am., N.A.*, 2021 WL 5239592, at *4 (E.D. Tex. Nov. 10, 2021).

Here, Appellants have not yet filed an answer or a motion under Federal Rule of Bankruptcy Procedure 7012, because they were not served with summonses. If they do file an answer or Rule 7012 motion, Appellants will raise the defense of lack of proper service. In addition, objections to the lack of service and personal jurisdiction were timely made by counsel for the co-defendants at the initial TRO hearing at the hearing on the motion for preliminary injunction. [Adversary Docket No. 35, pg. 56, and No. 72, pp. 50, 86, and 384]. Accordingly, this defense is not waived.

### D. <u>The Court Improperly Allowed Untimely Disclosed Exhibits into the Record</u>.

As stated in Appellants' initial Motion, the Bankruptcy Court improperly admitted untimely disclosed exhibits as evidence. The Debtors argue the untimeliness is excused because the Appellants did not agree to a continuance. [Objections, pg. 16]. Either the Debtors were ready for the hearing, however, or they were not. If they were not ready, they should have moved for a continuance. Having failed to move for a continuance, they were obligated to disclose their evidence in a timely manner.

The Debtors argue the error, if any, was harmless, because it involved a small number of exhibits. [Objections, pg. 18]. At the hearing, however, few of the originally designated 188 exhibits was used. By contrast, the late-filed exhibits were used extensively on the cross-examination of Appellants' and the Co-Defendants' witnesses. Accordingly, the Court should reject the argument that the error was harmless.

## CONCLUSION

The Court should grant the Appellants' Motion for Leave to Appeal.

## CERTIFICATE OF COMPLIANCE

1. This document complies with the word limit of Fed. R. Bankr. P. 8013(f)(3)(C) because, excluding the parts of the document exempted by Fed. R. Bankr. P. 8015(g), this document contains 2,558 words.

2. This document complies with the typeface requirements of Fed. R. Bankr. P. 8015(a)(5) and the type-style requirements of Fed. R. Bankr. P. 8015(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 365 in 14-point Times New Roman.

August 26, 2026

Respectfully submitted,

**WHITAKER CHALK SWINDLE & SCHWARTZ PLLC**

By: */s/ Robert A. Simon*
Robert A. Simon
Texas Bar No. 18390000
John T. Behan
Texas Bar No. 24129111
301 Commerce Street, Suite 3500
Fort Worth, Texas 76102
Telephone: (817) 878-0543
Facsimile: (817) 878-0501
rsimon@whitakerchalk.com
**ATTORNEYS FOR APPELLANTS**

## CERTIFICATE OF SERVICE

I hereby certify on August 26, 2026, that I served a true and correct copy of this Reply on counsel for Appellees by this Court's ECF notification system.

*/s/ Robert A. Simon*
Robert A. Simon